IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DON E. HENERY, | ) |
| ` | ) |
| Plaintiff, | ) |
| | )   Civil Action No. 2:22-1876 |
| v. | ) |
| | ) |
| WASTE MANAGEMENT, | )   Judge Cathy Bissoon |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

**I. MEMORANDUM**

For the reasons stated below, the Partial Motion to Dismiss filed by Defendant Waste Management ("Defendant") (Doc. 18) will be GRANTED.

**A.   Background**

Plaintiff, Don Henry (misspelled in the caption as Don Henery), worked for Defendant, Waste Management, from on or around February 20, 2017, until on or around November 19, 2021.  Second Am. Compl. (Doc. 1) ¶ 12.  As of the date of the Second Amended Complaint, Plaintiff was 61 years old.  Id.  ¶ 11.  Plaintiff was hired as a full-time Senior Technician, and his responsibilities included performing work on the Waste Management trucks.  Id. ¶¶ 13, 17.  On November 16, 2021, Plaintiff committed what the Second Amended Complaint calls a "Lockout/Tagout violation" when checking a vehicle.  Id. ¶ 18.  Management informed Plaintiff that Defendant was terminating Plaintiff's employment because of this rule violation.  Id. ¶ 20.  Plaintiff asserts that at least one truck driver committed a similar Lockout/Tagout violation in the presence of management, but was not discharged or otherwise disciplined.  Id. ¶ 23.  Plaintiff further avers that Defendant replaced him with a substantially younger employee.  Id. ¶ 70.

Although far from a model of clarity, the Second Amended Complaint additionally alleges that Defendant subjected Plaintiff to an age-based hostile work environment and retaliated against him for complaining about age discrimination.  Id. ¶¶ 19, 23-29, 31-35, 39-54, 56-60, 62-66.  Plaintiff filed a charge of age discrimination with the EEOC on or about September 6, 2022 (Doc. 19-1, Def. Br. Ex. A), and the EEOC issued a right-to-sue letter on or about September 28, 2022 (Doc. 17-1, Second Am. Compl. Ex. A).

Plaintiff initiated the instant action on December 29, 2022.  (Doc. 1).  After engaging in the Court's required meet-and-confer protocol with Defendant, Plaintiff twice amended his pleading, filing the instant seven-count Second Amended Complaint on March 22, 2023.  (Doc. 17).  Although the Second Amended Complaint sets forth claims under 42 U.S.C. § 1981, Title VII, the PHRA and the ADEA, its factual allegations assert only age-based discrimination, retaliation and harassment.  See id.  On April 4, 2023, Defendant filed a Partial Motion to Dismiss Plaintiff's Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) (Doc. 18), arguing that, with the exception of the ADEA discrimination claim, the complaint fails to meet the federal notice pleading standards and/or that Plaintiff failed to exhaust his administrative remedies.  Plaintiff opposes Defendant's Motion.  (Doc. 21).

    **B.  Motion to Dismiss**

    1. Count I:  42 U.S.C. § 1981

Defendant seeks to dismiss the Section 1981 claim set forth at Count I of the Second Amended Complaint because Section 1981 applies only to race, not age, discrimination.  In his response brief, Plaintiff presumably concedes Defendant's argument and agrees to withdraw this count.  Accordingly, Defendant's Motion to Dismiss Count I will be granted with prejudice.

2. Counts II and V:  Title VII

Defendant moves to dismiss the Title VII claims set forth at Counts II and V of the Second Amended Complaint on the grounds that, like Section 1981, Title VII does not apply to age discrimination.  By its plain terms, Title VII prohibits discrimination in employment only "because of [an employee's] race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).  Because Plaintiff's claims undisputedly relate solely to his age, the Court will dismiss the Title VII claims set forth in Counts II and V with prejudice.[1]

3. Counts III and VI:  PHRA

Counts III and VI of the Second Amended Complaint assert age-related discrimination, hostile work environment and retaliation claims under the PHRA.  Defendant moves to dismiss the PHRA claims for failure to exhaust administrative remedies.

It is well-established that "'persons with claims that are cognizable under the [PHRA] must avail themselves of the administrative process of the [Pennsylvania Human Relations] Commission or be barred from the judicial remedies authorized in Section 12(c) of the Act.'" Woodson v. Scott Paper Co., 109 F.3d 913, 925 (3d Cir. 1997) (quoting Vincent v. Fuller Co., 616 A.2d 969, 974 (Pa. 1979)).  Specifically, "[t]o bring suit under the PHRA, an administrative complaint must first be filed with the PHRC within 180 days of the alleged act of discrimination." Mandel v. M & Q Packaging Corp., 706 F.3d 157, 164 (3d Cir. 2013); *see also* 43 Pa. Cons. Stat. Ann. § 959(h).  Filing an administrative complaint with the EEOC, in itself,

---

[1] In his response, Plaintiff appears to concede the Title VII argument, but contends that his "remaining claims" in Count II should not be dismissed.  Pl. Br. (Doc. 21) at 3.  It is difficult to decipher the "remaining claims" to which Plaintiff is referring, given that, after two opportunities to amend, Count II remains captioned solely as a Title VII violation.  Even if the Court construes the count as sounding under the ADEA based on its substantive allegations, those allegations are duplicative of the ADEA claims set forth in other counts of the Second Amended Complaint.  Thus, dismissal of Count II remains appropriate.

does not satisfy the PHRA exhaustion requirement.  See Woodson, 109 F.3d at 926-27 (citing Fye v. Central Transp. Inc., 409 A.2d 2 (Pa. 1979)).

The Court agrees that Plaintiff failed to exhaust his administrative remedies as to the PHRA claims.  Plaintiff neither filed a complaint directly with the PHRC, nor requested in his EEOC charge that it be cross-filed with the PHRC.  See Second Am. Compl. Ex. B (Doc. 17-2); Def. Br. Ex. A (Doc. 19-1).[2]  In addition, the EEOC charge does not otherwise reference the PHRA.  See id.  The December 27, 2022 correspondence from Plaintiff's counsel to the PHRC, attached as an exhibit to the Second Amended Complaint, confirms the failure to exhaust.  See Doc. 17-2.  In this email, sent two days prior to the date Plaintiff initiated this civil action, and over a year after his discharge, Plaintiff's counsel admits as follows:

> I have a case which went through the EEOC process. I want to file *[sic]* complaint this evening in federal court. *Never filed with PHRC separately*. I am *thinking* complaint was jointly filed when we filed with the EEOC. Just let me know.

Id. (emphasis added).  As this email demonstrates, Plaintiff appears to have operated on the misconception that the filing of his EEOC charge alone automatically satisfied the PHRA administrative process.  See also Pl. Br. (Doc. 21) at 3. ("Plaintiff submitted his charge to the EEOC on September 6, 2021. . . . This charge was automatically filed with the PHRC as well. . . . By virtue of submitting the charge to the EEOC, it is concurrently filed with the PHRC.").  As the Court of Appeals clarified in Woodson, however, the work-sharing agreement between the EEOC and the PHRC "does not mean that a plaintiff can initiate PHRC proceedings as required by the *PHRA* merely by filing with the EEOC." 109 F.3d at 926-27; see also id. at 926 (rejecting

---

[2] Defendant attached a copy of Plaintiff's EEOC charge as an exhibit to his supporting brief.  See Def. Br. Ex. A (Doc. 19-1).  Plaintiff does not contest the validity of this charge document, and the Court may consider it here. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (noting that a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment).

argument that employee's charge was "automatically and simultaneously deemed filed" with the PHRC as soon as it was filed with the EEOC and reiterating that "filing with the EEOC does not function as a filing for PHRA purposes").[3]

Because the undisputed materials before the Court conclusively establish that Plaintiff failed to exhaust his administrative remedies as to his PHRA claims, Defendant's Motion to Dismiss Counts III and VI of the Second Amended Complaint is granted with prejudice.

  4. Counts IV-VI: Hostile Work Environment and Retaliation

Count IV of the Second Amended Complaint asserts an age-based hostile work environment claim, and Counts V and VI assert age-based retaliation claims under "Title VII" and the PHRA, respectively. Defendant argues that dismissal of the hostile work environment claim is warranted because it falls outside the scope of Plaintiff's EEOC charge. Although the retaliation claims at Counts V and VI are subject to dismissal on other grounds, Defendant alternatively argues that Plaintiff similarly failed to exhaust his administrative remedies with respect to those claims. *See* Def. Br. (Doc. 19) at 8-10.

A plaintiff "must exhaust all required administrative remedies before bringing a claim for judicial relief." Robinson v. Dalton, 107 F.3d 1018, 1020 (3d Cir. 1997); *see also* 29 U.S.C. § 626(d). The relevant test regarding administrative exhaustion is whether the acts alleged "are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom." Antol v. Perry, 82 F.3d 1291, 1295 (3d Cir. 1996). The "legal analysis turns on whether the

---

[3] Plaintiff's citation to Colgan v. Fisher Scientific Co., 935 F.2d 1407 (3d Cir. 1991), in support of his exhaustion theory, likewise is misplaced. Importantly, Colgan, which predated Woodson, did not involve a PHRA claim. Rather, the Colgan court held that the employee's *failure to file* a PHRA complaint did not render his EEOC charge untimely. 935 F.2d at 1414-15.

allegations in the judicial complaint are reasonably related to those in the administrative charge." Kopko v. Lehigh Valley Health Network, 776 F. App'x 768, 773 (3d Cir. 2019).

Here, Plaintiff's EEOC charge asserts only a discrete discrimination claim for wrongful termination based on his age. *See* Def. Br. Ex. A (Doc. 19-1).[4]  The charge nowhere mentions a hostile work environment or retaliation. *See* id.  Because Plaintiff neglected to bring his hostile work environment and retaliation claims before the EEOC prior to initiating this lawsuit, those claims are barred for failure to exhaust administrative remedies. *See, e.g.*, Kopko, 776 F. App'x at 774 ("We have explicitly declined to adopt a rule that a plaintiff's allegation of discrimination in an administrative charge also per se exhausts any retaliation claim."); Wright v. Phila. Gas. Works, No. 01-2655, 2001 WL 1169108, at *3 (E.D. Pa. Oct. 2, 2001) (dismissing claims for hostile work environment and retaliation where charge only alleged racially motivated discharge).

For these reasons as well, Defendant's Motion to Dismiss Counts IV-VI of the Second Amended Complaint will be granted with prejudice.

---

[4] The charge states, in material part, as follows:

> Don believes the real reason he was terminated in Indian [*sic*] County, PA was because of age discrimination. Don is 61 years of age. The rules weren't uniformly applied. Because of this, Don Henry suffered physical, mental and emotional abuse.

Def. Br. Ex. A (Doc. 19-1).  Plaintiff's four-sentence response to Defendant's exhaustion argument addresses only Defendant's prior points regarding the PHRC.  *See* Pl. Br. (Doc. 21) at 3.  Plaintiff makes no argument concerning the scope of the EEOC charge itself.  *See* id.

5. <u>Count VII:  Wrongful Termination – ADEA</u>

Defendant does not seek dismissal of Count VII of the Second Amended Complaint (misnumbered therein as a duplicate Count IV), which asserts wrongful termination in violation of the ADEA.  (Doc. 17 ¶¶ 67-71).  Accordingly, Count VII will proceed as pleaded.

## II. ORDER

For these reasons, the Partial Motion to Dismiss filed by Defendant Waste Management (**Doc. 18**) is **GRANTED**, and Counts I (Section 1981), II (Title VII), III (PHRA), IV (Hostile Work Environment); V (Title VII Retaliation); and VI (PHRA Retaliation) are **DISMISSED**.  As it is clear, based on Plaintiff's allegations, that further leave to amend would be futile, these claims are dismissed **WITH PREJUDICE**.

It is further **ORDERED** that Defendant shall have fourteen (14) days from the date of this Order to file an Answer to the surviving portions of Plaintiff's Second Amended Complaint.  Once Defendant files its Answer, the Court will enter an order setting an initial case management conference.

IT IS SO ORDERED.

December 15, 2023                                             s/Cathy Bissoon
                                                                              Cathy Bissoon
                                                                              United States District Judge


cc (via ECF email notification):

All Counsel of Record